UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SECURITY NATIONAL INSURANCE COMPANY | § § § |
| Plaintiff, | § § |
| v. | CIVIL ACTION NO. 1:22-cv-0622 § § |
| STAG POOLS, LLC | § § § |
| Defendant. | § |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Security National Insurance Company ("Security National"), by its undersigned attorneys, files its Complaint for Declaratory Judgment against Defendant, Stag Pools, LLC ("Stag Pools"), and alleges as follows:

**NATURE OF THE CLAIM**

1. Security National brings this action pursuant Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, seeking a determination as to the rights and obligations of the parties under an insurance policy issued by Security National to Stag Pools, LLC ("Stag Pools"). Security National seeks a declaration that it has no obligation to indemnify Stag Pools for any amounts in relation to the Underlying Action because the claims are entirely excluded by application of the Silica Exclusion in the Security National Policy. While coverage is entirely barred for the Underlying action by application of the Silica Exclusion, Security National also seeks a declaration that it has no obligation to defend or indemnify Stag Pools to the extent the Underlying Action claims damages for breach of contract, violations of the Texas Deceptive Trade Practices Act, or common law fraud, as those claims are not an occurrence or otherwise excluded

under the policy. As such, Security National has no obligation to defend or indemnify Stag Pools for any of the claims asserted by Plaintiff in the Underlying Lawsuit.

## PARTIES

2. Security National is an insurance company incorporated under the laws of Delaware with its principal place of business in New York City, New York.

3. Stag Pools is a Texas domestic limited liability company with a principal place of business located at 9509 San Lucas, Austin, Texas 78737, and can be served with process through its registered agent Lisa Staigerwald at 9509 San Lucas, Austin, Texas 78737 or wherever she may be found. Upon information and belief, Stag Pools has two members, Lisa and John Staigerwald, both of whom are Texas residents.

## JURISDICTION AND VENUE

4. The subject matter in controversy exceeds $75,000.00 and is within the jurisdictional limits of this court. This action involves a declaration regarding insurance coverage obligations relating to the claims asserted against Stag Pools in a separate lawsuit pending in Hays County, which lawsuit alleges potential damages between $200,000.00 and $1,000,000.00.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiff, a Delaware resident, is completely diverse from Defendant, a Texas resident. Further, this Court has jurisdiction over this declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201.

6. Venue is proper in because Defendant Stag Pools is located in Austin, Travis County, Texas. 28 U.S.C. § 1391(b)(1).

## THE UNDERLYING ACTION

7. This coverage action arises from a lawsuit filed in state court in Hays County, Case No. 22-0350, styled *Jeremy Brannon and Jennifer Brannon v. Stag Pools, LLC*, pending in the 274th Judicial District Court (the "Underlying Action"). *See* Underlying Petition, Exhibit A.

8. In the Underlying Action, Plaintiffs Jeremy and Jennifer Brannon ("Claimants"), allege Stag Pools defectively constructed a pool on their property. *Id. Specifically*, the Amended Petition in the Underlying Action alleges that Stag Pool used material which resulted in "cracking and distress to the Pool [which] was caused by an internal expansion mechanism caused by alkali-silica reaction (ASR)." *Id.* at ¶ 7.

9. The Underlying Petition attached and incorporates an expert report commissioned to determine the cause of the cracking and distress to the pool. The expert report explicitly finds that the cause of the cracking is due to Alkali-Silica Reaction. *Id.* It explains that "the internal expansion damaging mechanism associated with the Alkali-Silica Reaction within the shotcrete is the result of a reaction between certain well-known alkali reactive mineralogical components within the aggregates and alkali compounds from the portland cement in the presence of moisture." *See id.* at Exh. A, Expert Report, p. 14.

10. The expert report, referenced and incorporated into the Underlying Petition, concluded that the "primary cause of the cracking distress in the Brannon residence pool is an internal expansion mechanism as a result of Akali-Silica Reaction as identified through petrographic examination of shotcrete samples." *Id.*

11. Therefore, the Underlying Action alleges Defendant's defective construction of the pool resulted in property damage, including costs for demolition and reconstruction of the Brannon's pool, decking, landscaping and irrigation system.

12. In the Underlying Action, the Claimants plead that Defendant Stag Pools made material false representations, which it knew to be false, or reckless. Claimants further allege that Defendant Stag Pools engaged in false, misleading or deceptive practices. *Id.* at ¶ s22-27.

13. In the Underlying Action, Claimants assert various causes of action, including breach of contract, common law fraud, negligence, negligent misrepresentation, and violation of the deceptive trade practices act arising out the alleged defective construction of their pool resulting in damages.

## THE SECURITY NATIONAL POLICY

14. Security National issued Policy Number SPP1796496-00 and Policy Number SPP1796496-01 to Stag Pools for the policy period January 22, 2021 to January 22, 2022 and January 22, 2022 to February 22, 2022, respectively (the "Security National Policies"). Copies of the Security National Policies are attached hereto as Exhibit B.

15. The Security National Policies contain the following Insuring Agreement, in pertinent part:

> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.
> ***
> **b.** This insurance applies to "bodily injury" and "property damage" only if:

> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory".

***

16. The Policies contain the following relevant Definitions:

    **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

    **17.** "Property Damage" means:
    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

17. The Security National Policies are endorsed by a "Silica or Silica-Related Dust Exclusion" ("Silica Exclusion") which amends the Policy's Commercial General Liability Coverage Form and states, in pertinent part:

    > **A.** The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability:**
    >
    > **2. Exclusions**
    > This insurance does not apply to:
    >
    > **Silica Or Silica-Related Dust**
    >
    > **a.** "Bodily injury" arising, in whole or in part, out of the actual, alleged, threatened or suspected inhalation of, or ingestion of, "silica" or "silica-related dust".
    > **b.** "Property damage" arising, in whole or in part, out of the actual, alleged, threatened or suspected contact with, exposure to, existence of, or presence of, "silica" or "silica related dust".
    > **c.** Any loss, cost or expense arising, in whole or in part, out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of, "silica" or "silica-related dust", by any insured or by any other person or entity.

**B.** The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

**2. Exclusions**
This insurance does not apply to:

**Silica Or Silica-Related Dust**

- **a.** "Personal and advertising injury" arising, in whole or in part, out of the actual, alleged, threatened or suspected inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, "silica" or "silica related dust".
- **b.** Any loss, cost or expense arising, in whole or in part, out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of, "silica" or "silica-related dust", by any insured or by any other person or entity.

**C.** The following definitions are added to the **Definitions** Section:

**1.** "Silica" means silicon dioxide (occurring in crystalline, amorphous and impure forms), silica particles, silica dust or silica compounds.

**2.** "Silica-related dust" means a mixture or combination of silica and other dust or particles.

18. The Security National Policy also includes the following relevant exclusion:

**Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**COUNT ONE**
**DECLARATORY JUDGMENT**
**NO DUTY TO DEFEND OR INDEMNIFY STAG POOLS**

19. Security National incorporates and re-alleges the allegations contained in paragraphs 1 through 18 as if fully stated herein.

20. There is an actual legal controversy with regard to the parties' rights and obligations under the Security National Policies.

21. Security National contends there is no obligation to defend or indemnify Defendant Stag Pools against the allegations set forth in the Underlying Action.

22. The Underlying Action specifically alleges that Stag Pool's defective construction resulted in distress and cracking of the pool's concrete, requiring demolition and reconstruction of the existing pool and related decking, landscaping and irrigation. *Id.* at ¶¶ 7-8.

23. The Underlying Action pleads the "cracking and distress to the Pool was caused by an internal expansion mechanism caused by alkali-silica reaction (ASR)." *Id.* at ¶ 7.

24. The Underlying Petition attaches an expert report which concludes that the "primary cause of the cracking distress in the Brannon residence pool is an internal expansion mechanism as a result of Akali-Silica Reaction as identified through petrographic examination of shotcrete samples." *Id.* p. 20 (p. 14 of 19 of report).

25. The Security National Policies contain a Silica Exclusion Endorsement, which provides that coverage is excluded for "'property damage' arising, in whole or in part, out of the actual, alleged, threated, or suspected contact with, exposure to, existence of, or presence of, "silica" or "silica-related dust."  Exhibit B, at Silica Exclusion Endorsement.

26.  "Silica" is defined to mean "silicon dioxide (occurring in crystalline, amorphous and impure forms), silica particles, silica dust or silica components." *Id.*

27.  Accordingly, because the property damage arose in whole or in part from the actual, alleged, threatened, or suspected contact with, exposure to, existence of, or presence of "silica" coverage, all of the claims asserted against Stag Pools in the Underlying Action are entirely precluded by application of the Silica Exclusion.

28. Security National seeks a declaration that the Silica Exclusion applies and that Security National owes no duty to defend or indemnify Stag Pools in the Underlying Lawsuit.

**WHEREFORE**, Plaintiff Security National Insurance Company respectfully requests that this Honorable Court enter an order adjudging, decreeing, and declaring that Security National has no obligation to indemnify Defendant Stag Pools for the claims asserted in the Underlying Lawsuit based on application of the Silica Exclusion.

## COUNT TWO
## ADDITIONAL DECLARATORY RELIEF
## NO DUTY TO DEFEND OR INDEMNIFY STAG POOLS

29. Security National incorporates and re-alleges the allegations contained in paragraphs 1 through 18 as if fully stated herein.

30. There is an actual legal controversy with regard to the parties' rights and obligations under the Security National Policies.

31. While the Silica Exclusion applies to preclude coverage for the entire Underlying Action, Security National seeks additional declaratory relief that it has no duty to defend or indemnify Stag Pools for Plaintiff's claims asserting Breach of Contract, Common Law Fraud, Negligent Misrepresentation, or Deceptive Trade Practices as asserted in the Underlying Action.

32. The Security National Policies only provide coverage for "property damage" caused by an "occurrence," which is defined to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Exhibit B, at Insuring Agreement.

33. The Underlying Petition alleges a claim for breach of contract. Breach of contract claims do not constitute claims for "property damage" caused by an "occurrence." Accordingly,

Security National owes no duty to indemnify Stag Pools to the extent they are liable for Brannon's breach of contract claims.

34. In the Underlying Action, Stag Pools is alleged to have made intentional or fraudulent acts in the course of the construction of the pool. Claims based on Stag Pools fraudulent or intentional misconduct do not constitute claims arising out of "bodily injury" caused by an "occurrence" or are otherwise excluded by application of the "expected or intended injury" exclusion.

35. Accordingly, Security National seeks a declaration that it owes no duty to defend or indemnify the underlying plaintiff's claims for common law fraud and violations of the Texas Deceptive Trade Practices Act.

**WHEREFORE**, Plaintiff Security National Insurance Company respectfully requests that this Honorable Court enter an order adjudging, decreeing, and declaring that Security National has no obligation to indemnify Defendant Stag Pools for the Breach of Contract, Common Law Fraud and Deceptive Trade Practices claims asserted in the Underlying Action.

## PRAYER

For the foregoing reasons, Plaintiff Security National Insurance Company respectfully prays that this Court enter an Order granting the following relief:

1. Declaring that Security National Insurance Company owes no duty to defend or indemnify Stag Pools in connection with the Underlying Action;

2. Awarding any and all further and other relief, in law or in equity, to which Security National is entitled.

Respectfully submitted:

*/s/ Daisy Khambatta*
Daisy Khambatta
State Bar No. 24029654
Daisy.Khambatta@kennedyslaw.com
Jennifer DeVlugt
State Bar No. 24094624
Jennifer.devlugt@kennedyslaw.com
KENNEDYS CMK LLP
3821 Juniper Trace, Suite 101
Austin, Texas 78738
T: (512) 687-1718
F: (512) 800-5010

**ATTORNEY FOR PLAINTIFF SECURITY NATIONAL INSURANCE COMPANY**