UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **SECURITY NATIONAL INSURANCE COMPANY,** *Plaintiff* § § § § | |
| VS § | Case No. A-22-CV-0622-JRN |
| **STAG POOLS, LLC,** *Defendant* § § § | |

### ORDER

Before the Court in the above-entitled and styled cause of action is Defendant Stag Pools, LLC's ("Stag Pools") Motion for Summary Judgment (Dkt. 37), Plaintiff Security National Insurance Company's ("Security National") Motion for Summary Judgment (Dkt. 44), and all associated response and reply briefing. After thorough consideration of the record, arguments, and applicable law, the Court finds that Stag Pools' Motion for Summary Judgment (Dkt. 37) should be **GRANTED** and Security National's Motion for Summary Judgment (Dkt. 44) should be **DENIED**.

### I.    BACKGROUND

On June 27, 2022, Security National brought this action seeking a declaration from the Court that it has no duty to defend Stag Pools in an underlying lawsuit filed on February 23, 2022 in the 274th Civil Judicial District Court of Hays County, Texas. The underlying action was filed against Stag Pools for alleged defects in a pool contracted to be built as part of a home construction process for Jeremy and Jennifer Brannon (the "Brannons") in Austin, Texas. The Brannons allege various causes of action against Stag Pools and other parties, including negligence, breach of contract, fraud, negligent misrepresentation, and misleading or deceptive practices, among others.

On February 24, 2022, the Brannons filed their First Amended Petition. (Dkt. 39-1, 39-2). In those pleadings, they allege that the construction by Stag Pools was defective and that damage to the pool was "caused by an internal expansion mechanism caused by alkali-silica reaction (ASR)". (Dkt. 39-1, p. 3 of 27; Dkt. 39-2, p. 3 of 27.) In support, they referenced and attached the 2021 Independent Expert Report of Carrasquillo Associates. *Id*. On June 14, 2022, the Brannons filed a Second Amended Petition, this time joining their home builder as a defendant but still alleging that the damage to their pool was caused by "alkali-silica reaction (ASR)." (Dkt. 39-3, pp. 3-4 of 9). On July 27, 2022—the same day Security National filed this action—the Brannons filed their Third Amended Petition. (Dkt. 39-4, p. 3 of 8). Here, they still referenced the expert report but did not attach it as they did in the previous amended petitions. *Id*. In describing the causation element, they changed the term "alkali-silica reaction (ASR)" to the term "alkali-aggregate reaction (AAR)." *Id*.

On February 24, 2023, the Brannons filed the current live pleading—the Fourth Amended Petition—which joins other parties but maintains substantially the same factual allegations against Stag Pools. (Dkt. 39-5, pp. 3-4 of 13). On March 15, 2022, Stag Pools tendered the Brannons' First Amended Petition to Security National's claims administrator seeking defense and indemnity for the underlying action. (Ex. A, ¶4 and A3). On June 10, 2022, Security National denied Stag Pools' request for defense citing that the claim was excluded by the Policies' Silica Exclusion. (Ex. A, ¶8 and A4). Security National then filed this declaratory judgment action asking the Court to declare that the Policies' Silica Exclusion negates its duty to defend and indemnify Stag Pools for liability in the underlying action. (Dkt. 1).

## II. LEGAL STANDARD

"Summary judgment is appropriate only if 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (quoting Fed. R. Civ. P. 56(a)). A dispute about a material fact is "genuine" if the evidence, taken as a whole, could lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013). On a motion for summary judgment, "a court must view the evidence 'in the light most favorable to the opposing party.'" *Tolan*, 572 U.S. at 657 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). The nonmoving party's evidence must be accepted as true, and all reasonable inferences must be drawn in that party's favor. *Anderson*, 477 U.S. at 255; *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002); *Richardson v. Oldham*, 12 F.3d 1373, 1379 (5th Cir. 1994). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Carlson v. FedEx Ground Package Sys., Inc.*, 787 F.3d 1313, 1318 (11th Cir. 2015) (quoting *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997)); *accord Askanase v. Fatjo*, 130 F.3d 657, 665 (5th Cir. 1997) ("Summary judgment is inappropriate when conflicting inferences and interpretations may be drawn from the evidence."); *see also Byrd v. Roadway Express, Inc.*, 687 F.2d 85, 87 (5th Cir. 1982) ("That the movant appears more likely to prevail at trial is no reason to grant summary judgment; it is not the province of the court on a motion for summary judgment to weigh the evidence, assess its probative value, or decide factual issues.")

## III. DISCUSSION

Under applicable law, "it is well settled that an insurer's duty to defend is triggered if at least one of several claims in the plaintiff's [petition] potentially falls within the scope of coverage,

even if other claims do not. *See Rhodes v. Chicago Ins. Co.*, 719 F.2d 116, 120 (5th Cir. 1983) (stating that the duty to defend is determined by examining the lates amended pleading on which the insurer based its refusal to defend the action). Thus, the insured must begin by establishing that the alleged facts in its pleadings state a claim against the insured that is *potentially* within the scope of coverage. *Canutillo Indep. Sch. Dist. v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa.*, 99 F.3d 695, 701 (5th Cir. 1996) (emphasis added). If in response, an insurer relies on policy exclusions or limitations to defeat the duty to defend, it is the insurer's burden to disprove coverage. *See Guaranty Nat'l Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192, 193 (5th Cir. 1998); *see also* TEX. INS. CODE ANN. § 554.002 (West 2017). Once the insurer proves an exception, the burden shifts back to the insured to show that the claim falls within an exception to the exclusion. *See Guaranty Nat'l*, 143 F.3d at 193. Here, Security National relies, at least in part, on exclusions to defeat the duty to defend.

Texas courts apply the "eight corners" rule to determine whether an insurer has a duty to defend.[1] The Supreme Court of Texas has explained the "eight corners" rule as follows:

> Where the [complaint] does not state facts sufficient to clearly bring the case within or without the coverage, the general rule is that the insurer is obligated to defend if there is, potentially, a case under the complaint within the coverage of the policy. Stated differently, in case of doubt as to whether or not the allegations of a complaint against the insured state a cause of action within the coverage of a liability policy sufficient to compel the insurer to defend the action, such doubt will be resolved in the insured's favor.[2]

The Fifth Circuit has recognized that the "eight corners" rule is "very favorable to insureds because doubts are resolved in the insured's favor." *See Gore Design Completions, Ltd. v.*

---

[1] *See Mid-Continent Cas. Co. v. JHP Dev., Inc.*, 557 F.3d 207, 212 (5th Cir. 2009); *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528–35 (5th Cir. 2004); *Indian Harbor Ins. Co. v. KB Lone Star, Inc.*, No. H-11-CV-1846, 2012 WL 3866858, at *5 (S.D. Tex. Sept. 5, 2012); *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 491 (Tex. 2008); *GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006).
[2] *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997) (quoting *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22, 26 (Tex. 1965)).

*Hartford Fire Ins. Co.*, 538 F.3d 365, 369 (5th Cir. 2008). The Fifth Circuit has even gone so far as to say: "When in doubt, defend." *Id*. Recently, the Supreme Court of Texas adopted a narrow exception to the rule—the *Monroe* Exception[3]—that National Security relies upon here. That exception applies only where "the underlying petition states a claim that could trigger the duty to defend, and the application of the eight-corners rule, due to a gap in the plaintiff's pleading, is not determinative of whether coverage exists. *See Monroe Guar. Ins. Corp. v. BITCO Gen. Ins. Corp.*, 640 S.W.3d 195, 202 (Tex. 2022).

If such a gap exists, "Texas law permits consideration of extrinsic evidence provided the evidence (1) goes solely to an issue of coverage and does not overlap with the merits of lability, (2) does not contradict facts alleged in the pleading, and (3) conclusively establishes the coverage fact to be proved." *Id*. Here, National Security argues that the "eight corners" rule is not determinative of coverage because there is a gap in the pleadings and thus the *Monroe* exception applies. It argues specifically that the Third and Fourth Amended pleadings do not contain the necessary facts to determine whether Stag Pools' claim is covered or excluded. (Dkt. 42 at 13). In support, it references the word change from "alkali-silica reaction (ASR)" to "alkali-aggregate reaction (AAR)." *Id*.

National Security argues that this change did not alter the Brannons' causation theory against Stag Pools; rather, it created a factual gap regarding the definition of AAR and whether it has an implication on coverage. *Id*. In support, National Security turns to several industry authorities to help define the term. *Id*. at 9-10. National Security cites authorities defining AAR as an "umbrella term describing two different types of AAR: (1) alkali-silica reaction (ASR), and (2) alkali-carbonate reaction (ACR). *Id*. at 9 (internal

---

[3] *See Monroe Guar. Ins. Corp. v. BITCO Gen. Ins. Corp.*, 640 S.W.3d 195, 201–02 (Tex. 2022).

citations omitted). Stag Pools responds, by arguing that any alleged gap can only be found by considering the previous pleadings, which are no longer relevant and no longer exist. (Dkt. 49 at 3). Nevertheless, National Security likens this case to the facts of *Pharr San Juan-Alamo Indep. Sch. Dist.*, 642 S.W.3d 466.

There, the Texas Supreme Court did not consider extrinsic evidence, but it provided some guidance to lower courts about when the *Monroe* exception might apply. There, plaintiff sued Pharr ISD for alleged injuries her daughter sustained after being thrown from a golf cart operated by a Pharr ISD employee. *Id*. at 466. Pharr's insurer denied defense under the auto-liability policy stating that "golf carts" were "mobile equipment" designed as vehicles "for use principally off public roads." *Id*. at 468. There, the Texas Supreme Court concluded that if the underlying petition merely alleged that the injured party was thrown from a "vehicle"—sans indication of the type of vehicle or whether it was designed for travel on public roads—a gap would exist permitting the consideration of extrinsic evidence. *Id*. at 477-78.

Here, National Security argues that the generic term of AAR, allows this Court to apply the *Monroe* exception and permit reference to the expert report identifying ASR as the causation of damage—thus relieving National Security of its duty to defend pursuant to the Policies' Silica Exclusion. The Court finds National Security's argument on this matter persuasive. However, because the Court finds that the expert report is not proper extrinsic evidence under *Monroe*, the Court cannot consider it.

As previously stated, Texas law only permits consideration of extrinsic evidence if certain elements are met. The expert report does not solely address coverage but also addresses liability at length. The report states in part:

> Thus, it is [Carrasquillo's] opinion that the ASR mechanism could have been prevented if certain measures were taken by the shotcrete supplier, EasyMix. These measures include any one or a combination of the following, including the addition of fly ash or supplementary cementitious materials to the concrete mixture, selection of materials with lesser potential for ASR reaction, adjusting the materials proportions, and/or having the aggregate supplier test the material purchased to determine its potential for ASR.[4]

Coupled collectively with other statements throughout the report, the Court finds that it does not solely address coverage. More importantly, the Court finds that the report is not conclusive evidence of coverage. The Monroe Court held that "extrinsic evidence may not be considered if there would remain a genuine issue of material fact as to the coverage fact to be proved." *Monroe*, 640 S.W.3d at 203. The "facts" of an expert report are opinion and not a "conclusively proven fact[]" of any kind. *Id*.

## IV.   CONCLUSION

For the reasons explained herein, the Court enters the following order:

**IT IS ORDERED** that Defendant Stag Pools' Motion for Summary Judgment (Dkt. 37) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff National Security's Motion for Summary Judgment (Dkt. 44) is **DENIED**.

SIGNED this 20th day of March, 2024.

_____
JAMES R. NOWLIN
SENIOR U.S. DISTRICT JUDGE

---

[4] Dkt. 44 at 18.